```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ASCH WEBHOSTING, INC., | CIVIL ACTION NO. 04-2593 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| ADELPHIA BUSINESS SOLUTIONS INVESTMENT, LLC, |  |
| Defendant. |  |

**THE COURT** having entered an Order and Judgment on July 23, 2007 ("7-23-07 Order"), granting defendant's motion for summary judgment (dkt. entry no. 72); and plaintiff now moving, unopposed, under Federal Rule of Civil Procedure ("Rule") 60(a) to amend the judgment to reflect the disposition of defendant's counterclaims (the "Counterclaims") (dkt. entry no. 83; see dkt. entry no. 8, Answer & Counterclaim); and

**THE COURT NOTING** that defendant's motion for summary judgment and supporting brief did not discuss or mention the Counterclaims (see dkt. entry no. 63); and the Court further noting nearly two years have passed since the issuance of the 7-23-07 Order, during which time the defendant has not made any effort to prosecute or otherwise contact the Court to follow-up on the adjudication of the Counterclaims in any fashion; and

**IT APPEARING** that Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a

court order, a defendant may move to dismiss the action or any claim against it," Fed.R.Civ.P. 41(b); and it appearing that the term "plaintiff" in Rule 41(b) includes a counter-claimant, Fed.R.Civ.P. 41(c); and it further appearing that in addressing a dismissal of a counterclaim under Rule 41(b), the Court must balance:

> (1) the extent of the <u>party</u>'s personal <u>responsibility</u>; (2) the <u>prejudice</u> to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a <u>history</u> of dilatoriness; (4) whether the conduct of the party or the attorney was <u>willful</u> or in <u>bad faith</u>; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of <u>alternative sanctions</u>; and (6) the <u>meritoriousness</u> of the claim or defense

<u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984); and the Court acknowledging that "[d]ismissal must be a sanction of last, not first, resort," <u>id.</u> at 869; and

**THE COURT NOTING** that the first <u>Poulis</u> factor - extent of the party's personal responsibility for the delay - weighs in favor of dismissal because no evidence has been presented and the totality of the circumstances do not suggest that the failure to prosecute during the two years that have passed since the 7-23-07 Order was issued was not intentional; and the Court noting that the second <u>Poulis</u> factor – prejudice to the adversary – also favors dismissal because the plaintiff has been unable to successfully seek appellate review of the 7-23-07 Order while the Counterclaims are viewed as being outstanding, <u>see id.</u> at 868

2

(explaining this factor as prejudice to a party caused by the adversary's conduct); and the Court noting that the third <u>Poulis</u> factor – a history of dilatoriness – also weighs in favor of dismissal as two years is an extensive delay, <u>see</u> <u>Adams v. Trs. of N.J. Brewery Employees' Pension Trust Fund</u>, 29 F.3d 863, 874 (3d Cir. 1994) (finding history of dilatoriness involves extensive or repeated delay or delinquency); and the Court further noting that the fourth <u>Poulis</u> factor – willfulness or bad faith – may also favor dismissal because of defendant's dilatory conduct, and, as noted <u>supra</u>, there is no evidence to suggest the failure to prosecute was not intentional; and the Court acknowledging that the fifth <u>Poulis</u> factor - effectiveness of alternative sanctions - does not appear to favor dismissal because defendant has not failed to comply with the Court's orders, <u>see</u> <u>Poulis</u>, 747 F.2d at 869 (recognizing court's power to impose sanctions for unjustified failure to comply with orders or pretrial orders); and the Court noting that the final <u>Poulis</u> factor – meritoriousness of the claim – weighs against dismissal as a claim is meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff," <u>id.</u> at 870; but the Court noting that the defendant did not aggressively or seriously pursue the Counterclaims in a manner that suggests that the defendant believed it was likely to prevail, but rather ignored them once judgment was entered in defendant's favor on the claims against it; and

**THE COURT ACKNOWLEDGING** that although all six Poulis factors must be evaluated, the Court may dismiss the Counterlcaims even if all factors do not favor dismissal, Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 919 (3d Cir. 1992); Opta Sys., LLC v. Daewoo Elecs. Am., 483 F.Supp.2d 400, 404 (D.N.J. 2007); and the Court finding that the balance of the Poulis factors support dismissal of the Counterclaims; and the Court thus concluding that, to the extent the defendant's request for relief contains any viable claims, they should be dismissed; and

**THE COURT** deciding the motion without oral hearing and on the papers, see Fed.R.Civ.P. 78(b); and for good cause appearing, the Court will issue and appropriate Order and Judgment.

       s/ Mary L. Cooper
    **MARY L. COOPER**
    United States District Judge

Dated: April 20, 2009